UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-23409-CIV-GAYLES/LOUIS

STEVEN MICHAEL COX, individually
and on behalf of those similarly situated,

        Plaintiff,

v.

PORSCHE FINANCIAL SERVICES,
INC.,

        Defendant.       /

## ORDER
## AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Class Certification [ECF No. 104] ("Motion"). The Court referred this action to Magistrate Judge Lauren Fleischer Louis pursuant to 28 U.S.C. § 636(b)(1)(B) for a ruling on all pretrial nondispositive matters and for a report and recommendation on any dispositive matters. [ECF No. 148]. On November 9, 2018, Judge Louis issued a Report and Recommendation [ECF No. 203] recommending that the Motion be granted. Judge Louis recommends granting class certification of Plaintiff's two proposed classes under both Rule 23(b)(3) and 23(b)(2). On November 27, 2018, Defendant filed its objections to the Report's recommendation. [ECF No. 210]. Plaintiff responded to the objections on December 18, 2019. [ECF No. 215].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed.

R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

After a *de novo* review, the Court agrees with Judge Louis' well-reasoned analysis and agrees that the Motion should be granted.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

(1) Judge Louis' Report and Recommendation [ECF No. 203] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

(2) Defendant's objections are overruled.

(3) Plaintiff's Inaccurate Disclosure Class is certified under Rule 23(b)(3) and 23(b)(2) as:

> Persons who leased a Porsche vehicle in Florida through the standard form Motor Vehicle Lease Agreement from Defendants and, as part of the transaction, traded in a vehicle with a positive monetary value that was not assigned a positive Net Trade-in Allowance. This Class only covers individuals whose leases either are outstanding or were terminated within four years before the filing of this action.

(4) Plaintiff's Overcharge Class is certified under Rule 23(b)(3) and Rule 23(b)(2) as:

> Persons who leased a Porsche vehicle in Florida through the standard form Motor Vehicle Lease Agreement from Defendants and, as part of the transaction, traded in a vehicle with a positive monetary value that was not properly credited as a Capitalized Cost Reduction. This Class only covers individuals whose leases either are outstanding or were terminated within four years before the filing of this action.

(5)     This case shall be set for a Status Conference on Wednesday March 6, 2019 at 11:00 a.m.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of February, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE