UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLASS ACTION CASE NO. 1:16-CV-23409-GAYLES/TURNOFF

STEVEN MICHAEL COX, individually and
on behalf of those similarly situated,

       Plaintiff,

vs.

PORSCHE FINANCIAL SERVICES, INC.,

       Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE PORSCHE FINANCIAL SERVICES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff moves to strike Defendant Porsche Financial Services, Inc.'s Motion for Partial Summary Judgment filed on August 1, 2019 (ECF No. 225).

Defendant has already filed its comprehensive motion for summary judgment "on all claims made against them in the complaint" (ECF No. 109), lost (ECF No. 190), objected to that order (ECF No. 196), and had its objections overruled by Judge Gayles (ECF No. 202).

Porsche now attempts a third and fourth bite at the apple without seeking leave of the Court in violation of Local Rule 7.1(c)(2), which states that "[f]iling multiple motions for partial summary judgment is prohibited, absent prior permission of the Court." S.D. Fla. L.R. 7.1(c)(2). "Violation of Rule 7.1(c)(2) is cause for striking any unauthorized motions." *Montgomery v. Great Am. Assurance Co.*, No. 12-20503-CV, 2013 WL 12093808, at *4 (S.D. Fla. Mar. 5, 2013). "[T]he prohibition against filing more than one motion protects the parties opposing the motion for summary judgment from defending against multiple motions, conserves judicial resources and assists in streamlining the litigation process such that a resolution may be reached

1

more expeditiously." *Benzion v. Vivint, Inc.*, No. 12-61826-CIV, 2013 WL 12014439, at *3 (S.D. Fla. Sept. 9, 2013).

Defendant's renewed motion for summary judgment is also a waste of resources for the Court, Plaintiffs, and the Class, because it substantially overlaps with the arguments and rationales previously rejected by the Court.

This Court has previously struck duplicative motions for summary judgment that failed to comply with Local Rule 7.1(c)(2). For example, in *Whitmore v. Fed. Express Corp.*, No. 16-CV-80589, 2016 WL 8678890, at *1 (S.D. Fla. Nov. 18, 2016), the Court *sua sponte* noted that the Defendant filed two Motions for Summary Judgment on two different issues without seeking leave of the Court, and struck the second motion from the record pursuant to Local Rule 7.1(c)(2). *Whitmore v. Fed. Express Corp.*, No. 16-CV-80589, 2016 WL 8678890, at *1 (S.D. Fla. Nov. 18, 2016) ("Defendant did not seek permission from the Court before filing the Second Motion, therefore, the filing of the Second Motion was improper."). *See also Bays v. Globe Life & Accident Ins. Co.*, No. 14-CV-62908-WPD, 2016 WL 2642031, at *1 (S.D. Fla. Mar. 15, 2016) ("Plaintiff filed a Motion for Summary Judgment on January 29, 2016, which, following full briefing by the parties and consideration by the Court, was denied on March 4, 2016. Plaintiff is prohibited from filing another summary judgment motion."); *Brocks v. Halpern Lto, LLC*, No. 015-CV-61727-CIV, 2015 WL 12712064, at *1 (S.D. Fla. Oct. 27, 2015) (reminding defendant in footnote that "should Defendant intend to move for summary judgment on any other grounds, it must be done in the same motion"); *Leoncio v. Louisville Ladder, Inc.*, No. 13-21837-CIV, 2014 WL 11429107, at *2 (S.D. Fla. Apr. 11, 2014) ("As the Local Rules do not contemplate successive motions for summary judgment, and the filing of another motion for summary judgment at this late stage necessarily implicates extending the remaining dates in the

2

Court's Scheduling Order, the Court denies Defendant's alternate request."); *United States v. Gutierrez*, No. 05-20859-CR, 2015 WL 13238669, at *12 (S.D. Fla. Dec. 18, 2015), report and recommendation adopted, No. 05-20859-CR, 2016 WL 592818 (S.D. Fla. Feb. 11, 2016) (""[Defendant] Maritime first argues that Rule 7.1(c)(2) does not apply because its initial motion was not one for 'partial summary judgment.' This argument elevates form over substance and is belied by the fact that [Defendant] is seeking leave to file its proposed motion rather than having filed it outright.").

Defendant Porsche Financial Services, Inc. made the strategic decision to request summary judgment early and lost. *Duvall v. Sun-Sentinel Co.*, No. 12-62497-CIV, 2013 WL 3310073, at *3 (S.D. Fla. July 1, 2013) ("If [defendant] thinks it prudent, it is free to seek early summary judgment on this issue, bearing in mind that this District's Local Rules do not permit the filing of summary judgment motions in seriatim."). It cannot now attempt a do-over at the expense of the Court and the Plaintiff Classes.

Plaintiff Cox, on behalf of himself and the certified Classes he represents, requests that the Court conserve the resources of Plaintiff Cox and the Court and strike Defendant's Motion for Partial Summary Judgment (ECF No. 225) pursuant to Local Rule 7.1(c)(2).

### RULE 7.1(a)(3) CERTIFICATION

Counsel for Plaintiff has met and conferred with Counsel for Defendant Porsche Financial Services, Inc., and the dispute remains unresolved. This motion is opposed.

Respectfully submitted,

Date: August 6, 2019          By: */s/ F. Jerome Tapley*
                                  F. Jerome Tapley (FBN 22066)
                                  jtapley@corywatson.com
                                  Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)

3

rlutz@corywatson.com
Adam W. Pittman (*Pro Hac Vice*)
apittman@corywatson.com
**CORY WATSON, P.C**.
2131 Magnolia Avenue
Birmingham, Alabama 35205
T: (205) 328-2200
F: (205) 324-7896

Ronald P. Weil (FBN 169966)
rweil@weillawfirm.net
**WEIL SNYDER & RAVINDRAN, P.A.**
200 South Biscayne Boulevard
Southeast Financial Center, Suite 900
Miami, Florida  33131
T:  (305) 372-5352
F:  (305) 372-5355

*Attorneys for Plaintiff and the Certified Classes*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th Day of August, 2019, I electronically filed the foregoing **PLAINTIFF'S MOTION TO STRIKE PORSCHE FINANCIAL SERVICES' MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF filing system. I further certify that the foregoing document was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

*/s/ F. Jerome Tapley*
OF COUNSEL

4