**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:16-CV-23409-Gayles/Louis**

STEVEN MICHAEL COX, individually and
On behalf of those similarly situated,

       Plaintiff,

vs.

PORSCHE FINANCIAL SERVICES, INC.,

       Defendant.
_____/

## <u>JOINT PROPOSED JURY INSTRUCTIONS</u>

The attached proposed jury instructions are submitted pursuant to the Court's scheduling order.  (Doc. 260.)  Both parties reserve their respective positions set out in prior motions for summary judgment that certain issues subsumed in these jury charges should be decided by the Court as a matter of law. Both parties also reserve their right to petition for changes in these instructions in light of the Court's forthcoming rulings.

**Joint Jury Instruction No. 1**

**GENERAL PRELIMINARY INSTRUCTION**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not

3

to believe. You may believe everything a witness says, part of it, or none of it. When considering

a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- · the witness's memory;

- · the witness's manner while testifying;

- · any interest the witness has in the outcome of the case;

- · any bias or prejudice the witness may have;

- · any other evidence that contradicts the witness's testimony;

- · the reasonableness of the witness's testimony in light of all the evidence; and

- · any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a

witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

The Plaintiff, Steven Michael Cox, individually and on behalf of the class he represents,

claims the Defendant, Porsche Financial Services, Inc., violated the Consumer Leasing Act and

the Florida Deceptive and Unfair Trade Practices Act by failing to accurately disclose his and

other class members' Net Trade-in Allowance on single-payment lease agreements for Porsche

vehicles. Plaintiff also contends that he and other class members were unfairly charged financing

fees and were overcharged for Florida sales tax because Porsche Financial Services approved

lease agreements that did not properly apply their trade-in value to reduce the capitalized cost of

their leases. Plaintiff contends that this practice violates the Florida Deceptive and Unfair Trade

4

Practices Act.

Porsche Financial Services, Inc. denies those claims and contends that Mr. Cox received exactly the deal that he negotiated with Porsche of Fort Myers, which is an independent dealership that is not owned or controlled by Porsche Financial Services and is not a party to this case. Specifically, Porsche Financial Services contends that Mr. Cox and Porsche of Fort Myers agreed that the value of Mr. Cox's trade-in vehicle would be applied as a credit against his one-time, upfront lease payment, and that this is exactly what happened and is accurately reflected on Mr. Cox's lease agreement.  Porsche Financial Services also contends that it was not involved in negotiating Mr. Cox's lease transaction, that it received the lease only after it was entered into between Mr. Cox and Porsche of Fort Myers, and that Porsche Financial Services had no knowledge about whether Mr. Cox had a trade-in vehicle with any positive value that was used to pay any part of his lease.  Porsche Financial Services also contends that Mr. Cox' claims are barred by the voluntary payment doctrine because he had knowledge of the factual circumstances when he made his lease payment.  Porsche Financial Services further contends that, under Florida law, it cannot be liable to Mr. Cox based on an alleged overpayment of sales tax, because the full amount of the sales tax was paid to the Florida Department of Revenue and because Mr. Cox did not take the appropriate steps to get a refund of the taxes from the Florida Department of Revenue.

Burden of proof:

Steven Michael Cox, individually and on behalf of those similarly situated, has the burden of proving their case by what the law calls a "preponderance of the evidence." That means Mr. Cox, must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr. Cox and the evidence favoring Porsche Financial Services, Inc. on opposite sides of balancing scales, Mr. Cox needs to make the scales tip to his

side. If Mr. Cox fails to meet this burden, you must find in favor of Porsche Financial Services, Inc.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Porsche Financial Services, Inc. has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Porsche Financial Services, Inc. must prove for any affirmative defense. After considering all the evidence, if you decide that Porsche Financial Services, Inc. has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking

6

websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be

argumentative; it's just an outline of what that party intends to prove.

Next, Steven Michael Cox will present his witnesses and ask them questions. After Steven Michael Cox questions the witness, Porsche Financial Services, Inc. may ask the witness questions – this is called "cross-examining" the witness. Then Porsche Financial Services, Inc will present its witnesses, and Steven Michael Cox may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

(11th Circuit Pattern Jury Instruction 1.1)

**Joint Jury Instruction No. 2**

**JURY QUESTIONS**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must

keep an open mind until you've heard all the evidence, the closing
arguments, and my final instructions on the law.

(11th Circuit Pattern Jury Instruction 1.4)

**Joint Jury Instruction No. 3**

**INTERIM STATEMENTS**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

(11th Circuit Pattern Jury Instruction 1.5)

11

## **Joint Jury Instruction No. 4**

### **STIPULATIONS**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

(11th Circuit Pattern Jury Instruction 2.1)

## Joint Jury Instruction No. 5

### USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

(11th Circuit Pattern Jury Instruction 2.2)

## **Joint Jury Instruction No. 6**

### **ADDRESALL TO THE JURY**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

(11th Circuit Pattern Jury Instruction 3.1)

## Joint Jury Instruction No. 7

### DECISION

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

(11th Circuit Pattern Jury Instruction 3.2.2)

## Joint Jury Instruction No. 8

### ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

(11th Circuit Pattern Jury Instruction 3.3)

**Joint Jury Instruction No. 9**

**EVIDENCE CONSIDERATION**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

(11th Circuit Pattern Jury Instruction 3.4)

## Joint Jury Instruction No. 10

### INNACURATE OR MISSPOKEN TESTIMONY

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

(11th Circuit Pattern Jury Instruction 3.5.1)

## Joint Jury Instruction No. 11

### ACCPETING WITNESS TESTIMONY

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

(11th Circuit Pattern Jury Instruction 3.6.1)

**Joint Jury Instruction No. 12**

**PLAINTIFF'S BURDEN OF PROOF**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

(11th Circuit Pattern Jury Instruction 3.7.1)

20

## Joint Jury Instruction No. 13

### DEFENDANT'S BURDEN OF PROOF

In this case, the Defendant asserts the affirmative defenses of  voluntary payment and remission of sales tax under section 213.756 of the Florida Statutes. Even if the Plaintiff proves his claims by a preponderance of the evidence, the Defendant can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove the Plaintiff's claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

(11th Circuit Pattern Jury Instruction 3.7.2)

## Joint Jury Instruction No. 14

### VERDICT

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

(11th Circuit Pattern Jury Instruction 3.8.1)

**Joint Jury Instruction No. 15**

**VERDICT FORM**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

(11th Circuit Pattern Jury Instruction 3.9)

**Plaintiff's Jury Instruction No. 16**

**CONSUMER LEASING ACT**

The purpose of the Consumer Leasing Act is to assure a meaningful disclosure of the terms of leases of personal property for personal, family, or household purposes so as to enable the lessee to compare more readily the various lease terms available to him. [*See* 15 U.S.C. § 1601(b)].

A proven violation of the Consumer Leasing Act's disclosure requirements is presumed to injure the borrower by frustrating the purpose of permitting consumers to compare various available credit terms [*See Herrera v. First Northern Sav. And Loan Ass'n*, 805 F.2d 896, 901 (10th Cir. 1986)].

The Consumer Leasing Act requires that each lessor to a consumer lease provide before the lease becomes effective, a dated, written statement that accurately and in a "clear and conspicuous manner" sets out certain descriptions, amounts, and other disclosures. [*See* 15 U.S.C. § 1667a(2)]. Clear and conspicuous means readily understandable. [see Official Staff Commentary to Regulation M, 12 C.F.R. § 213, Supp. I]. Failure to comply with these disclosure requirements creates a cause of action for the consumer against the lessor for actual damages and/or statutory damages. [*See* 15 U.S.C. § 1667d(a); § 1640(a)].

The use of the abbreviation "N/A" to disclose the net trade-in value in this case is a violation of the Consumer Leasing Act as a matter of law. [*See* Myers v. Hexagon Co., 54 F. Supp. 2d 742, 755 (E.D. Tenn. 1998)].

24

<u>**Plaintiff's Jury Instruction No. 17**</u>

**DEFINITION OF "LESSOR" UNDER THE CONSUMER LEASING ACT**

Plaintiff contends that Porsche Financial Services, Inc. is a "lessor" within the meaning of the Consumer Leasing Act, and is therefore subject to the requirements of the Act.

Plaintiff contends that Porsche Financial Services, Inc. contends that it is not a "lessor" within the meaning of the Consumer Leasing Act.

The Consumer Leasing Act defines a "lessor" as a person who is regularly engaged in leasing, offering to lease, or arranging to lease under a consumer lease. [*See* 15 U.S.C. § 1667(3)]. Regulation M further specifies that a "lessor" is a person who has leased, offered, or arranged to lease personal property more than five times in the preceding calendar year. [*See* C.F.R. § 213.2(h)].

In order for Steven Michael Cox to prevail on his first claim dealing with a violation of the Consumer Leasing Act, Porsche Financial Services, Inc. must be considered a lessor, consistent with the definition under the Consumer Leasing Act.

## Defendant's Jury Instruction No. 18

### CONSUMER LEASING ACT

The purpose of the Consumer Leasing Act is to assure a meaningful disclosure of the terms of leases of personal property for personal, family, or household purposes so as to enable the lessee to compare more readily the various lease terms available to him. [15 U.S.C. § 1601(b)].

The Consumer Leasing Act requires that the lessor to a consumer lease provide the consumer a dated, written statement, such as a lease agreement, that accurately sets out certain items, including "the amount of any payment by the lessee required at the inception of the lease." These disclosures must be made by the lessor before the lease is entered into. [15 USC § 1667a.]

26

**Defendant's Jury Instruction No. 19**

**CONSUMER LEASING ACT**

**LESSOR AND ASSIGNEE LIABILITY**

A company may be a lessor under the Consumer Leasing Act for some purposes but not others. The disclosures at issue in this case must be made by the lessor prior to the consummation of the lease, that its, before it is signed by the consumer. [15 U.S.C. §§ 1667a, 1667d(a), 1640.]

A company that was not the lessor required to make the disclosures before the lease was signed, but was later assigned the lease by that original lessor, cannot be liable for a disclosure violation under the Consumer Leasing Act unless the violation was apparent on the face of the lease itself. [15 U.S.C. § 1641(e)(1); *Kennedy v. BMW Fin. Servs., N.A.*, 363 F. Supp. 2d 110 (D. Conn. 2005).]

If a lease does not include a positive trade-in allowance, then it is proper to disclose the trade-in allowance as "N/A." [12 C.F.R. § Pt. 213, Supp. I, Section 213.4(b)(3).]

## Joint Jury Instruction No. 20

## ISSUES FOR FLORIDA DECEPTIVE AND

## UNFAIR TRADE PRACTICES ACT CLAIMS

The Florida Deceptive and Unfair Trade Practices Act prohibits unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. [Fla. Stat. § 501.204(1)]

On Steven Michael Cox's claims for violation of the Florida Deceptive and Unfair Trade Practices Act, the issues for your determination are:

First, whether Porsche Financial Services, Inc. engaged in a deceptive act or unfair practice; and if so,

Second, whether the act or practice caused Steven Michael Cox actual damages; and

Third, the amount of those actual damages.

[*See Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006)]

## Joint Jury Instruction No. 21

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT-**

**DEFINITION OF DECEPTIVE OR UNFAIR ACT**

A deceptive act under the Florida Deceptive and Unfair Trade Practices Act is a representation, omission, or practice that is objectively likely to deceive a consumer acting reasonably in the same circumstances. [*See Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983–84 (11th Cir. 2016)]

An unfair practice is one that offends established public policy or a practice that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. [*See PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)].

<u>**Defendant's Jury Instruction No. 22**</u>

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

**DAMAGE**

The Florida Deceptive and Unfair Trade Practices Act is intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer.  [*Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451, 454 (Fla. 1st DCA 1985).]

The Florida Deceptive and Unfair Trade Practices Act therefore allows a Plaintiff to recover only "actual damages," which are defined as the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.  [Rodriguez v. Recovery Performance & Marine, LLC, 38 So. 3d 178, 180 (Fla. 3d DCA 2010).]

Plaintiff is not entitled to damages based on comparison with the deal he might have made had he been a better negotiator."  [*Gen. Motors Acceptance Corp. v. Laesser*, 718 So. 2d 276, 278 n.5 (Fla. 4th DCA 1998).]

<u>**Defendant's Jury Instruction No. 23**</u>

**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT-**

**CAUSATION**

For a defendant to be liable under the Florida Deceptive and Unfair Trade Practices Act, that defendant must have had "direct" involvement in the deceptive act or unfair practice. [*Aboujaoude v. Poinciana Dev. Co. II*, 509 F. Supp. 2d 1266, 1277 (S.D. Fla. 2007).]

That is, the Defendant's unfair act or deceptive trade practice must be the cause of the Plaintiff's loss or damage.  Defendant Porsche Financial Services cannot be liable under the Florida Deceptive and Unfair Trade Practices Act for unfair acts or deceptive conduct on the part of Porsche of Fort Myers or its employees.  [*Gen. Motors Acceptance Corp. v. Laesser*, 718 So. 2d 276, 278 n.5 (Fla. 4th DCA 1998).]

## Joint Jury Instruction No. 24

### DAMAGES

If you find for Steven Michael Cox on any of his claims, you will then consider the issue of the amount of money damages to be awarded to Plaintiff Cox and the class of persons he represents. In considering the issue of damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonably compensation for all of the Plaintiff and the class' damages, no more and no less. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize a Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recovered.

**Defendant's Jury Instruction No. 25**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Florida law requires that a taxpayer who disputes the amount of a tax collected must first exhaust his or her administrative remedies before bringing an action in court seeking a refund or return of that tax.  [*Sarnoff v. Fla. Dep't of Highway Safety & Motor Vehicles*, 825 So. 2d 351, 353–55 (Fla. 2002).]

This means that, among other things, a taxpayer who has overpaid tax to a dealer must first request a refund from the dealer, and the dealer may then seek reimbursement from the Florida Department of Revenue for any amounts it refunded to the taxpayer.  If, on the other hand, the dealer is not willing to refund the tax to the purchaser, the purchaser may request that the dealer assign its rights to the purchaser, which would allow the purchaser to apply for a refund of the overpaid taxes directly from the Department of Revenue.  [§ 215.26(4), Fla. Stat.; Fla. Admin. Code R. 12A-1.014(3), (4); Tech. Assistance Advisement 2004(A)-005, 2004 WL 474023, at *4 (Fla. Dep't of Rev. Feb. 2, 2004); Tech. Assistance Advisement 15A-015, 2015 WL 10575832, at *5 (Fla. Dep't of Rev. Oct. 26, 2015).]

Following this procedure is a prerequisite to maintaining a lawsuit for a refund of taxes. In a class action, like this one, each class member must show that he or she exhausted these administrative remedies before his or her claims can go forward.  If each class member does not show that he or she exhausted these administrative remedies, the Defendant cannot be liable to that class member for payment of any sales tax.  [§ 72.011, Fla. Stat.; *Sarnoff v. Fla. Dep't of Highway Safety & Motor Vehicles*, 825 So. 2d 351, 353 (Fla. 2002) *State of Fla. Dep't of Highway Safety & Motor Vehicles v. Rendon*, 957 So. 2d 647, 654–55 (Fla. 3d DCA 2007); *P.R. Mktg. Grp., Inc. v. GTE Fla., Inc.*, 747 So. 2d 962, 964 (Fla. 2d DCA 1999)

<u>**Defendant's Jury Instruction No. 26**</u>

**VOLUNTARY PAYMENT DOCTRINE**

Florida law recognizes an affirmative defense called the voluntary payment doctrine. Under this rule, money voluntarily paid with knowledge of the facts by the person making the payment, cannot be recovered back, even if that person was mistaken about whether the money was actually owed or about whether the amount was properly charged under the law.

If Mr. Cox had knowledge of the factual circumstances at the time of his lease transaction, he cannot recover any of the amounts paid under his lease agreement in this action.

[*Sanchez v. Time Warner, Inc.*, 1998 WL 834345, at *2 (M.D. Fla. Nov. 4, 1998); *Hassen v. Mediaone of Greater Fla., Inc.*, 751 So. 2d 1289, 1290 (Fla. 1st DCA 2000); *Hall v. Humana Hosp. Daytona Beach*, 686 So. 2d 653, 657 (Fla. 5th DCA 1996).]

**Defendant's Jury Instruction No. 27**

**SECTION 213.756, FLORIDA STATUTES**

Florida law provides certain limitations that apply to any action in which a purchaser sues "a retailer, dealer, or vendor" to recover taxes that were collected by the retailer, dealer, or vendor. [§ 213.756(2)(a), Fla. Stat.]

First, the only damages available to the Plaintiff is the difference between what the retailer, dealer, or vendor collected as a tax and what the retailer, dealer, or vendor paid to the taxing authority. Therefore, if all of the amount collected as sales tax was paid over to the Florida Department of Revenue, that difference is zero, and no damages can be awarded to the Plaintiff for overcharged sales tax. [§ 213.756(2)(a)2., Fla. Stat.]

Second, it is an affirmative defense that the retailer, dealer, or vendor remitted the amount collected from the purchaser to the appropriate taxing authority. Therefore, if the full amount of sales tax collected from the Plaintiff was remitted to the Florida Department of Revenue, then the Defendant cannot be liable to the Plaintiff for payment of any sales tax. [§ 213.756(2)(a)3., Fla. Stat.]

Respectfully submitted,

Date: February 12, 2020

By:*/s/ F. Jerome Tapley*
F. Jerome Tapley (FBN 22066)
jtapley@corywatson.com
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
rlutz@corywatson.com
Adam W. Pittman (*Pro Hac Vice*)
apittman@corywatson.com
**CORY WATSON, P.C.**
2131 Magnolia Avenue
Birmingham, Alabama 35205
T: (205) 328-2200
F: (205) 324-7896

Ronald P. Weil (FBN 169966)
rweil@weillawfirm.net
Marguerite C. Snyder (FBN 079082)
msnyder@weillawfirm.net
**WEIL SNYDER & RAVINDRAN, P.A.**
201 South Biscayne Boulevard, Suite 720
Miami, Florida 33131
T: (305) 372-5352
F: (305) 372-5355

*Attorneys for Plaintiff*

Date: February 12, 2020

By: */s/ Thomas M. Byrne\**
Thomas M. Byrne (*pro hac vice*)
Valerie S. Sanders (*pro hac vice*)
Stacey M. Mohr (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
999 Peachtree Street, NE, Ste. 2300
Atlanta, Georgia  30309-3996
404.853.8000 (t)
404.853.8806 (f)
tombyrne@eversheds-sutherland.com
valeriesanders@eversheds-sutherland.com
staceymohr@eversheds-sutherland.com

Steven Ellison (FBN 510319)
**NELSON MULLINS BROAD AND CASSEL LLP**
One North Clematis Street, Ste. 500
West Palm Beach, Florida  33401
(561) 832-3300
steven.ellison@nelsonmullins.com

36

*Attorneys for Defendant*

*\*With express permission*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2020, I electronically filed the foregoing **JOINT PROPOSED JURY INSTRUCTIONS** with the Clerk of Court using the CM/ECF filing system. I further certify that the foregoing document was served on all counsel of record via transmission of the Notice of Electronic Filing generated by the Court's CM/ECF system.

*/s/ Adam W. Pittman*
OF COUNSEL