UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-23409-GAYLES

STEVEN MICHAEL COX, individually
and on behalf of those similarly situated,

       Plaintiff,

v.

PORSCHE FINANCIAL SERVICES,
INC.,

       Defendant.
_____/

## FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

**THIS CAUSE** comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (the "Motion"), [ECF No. 334]. The Settlement Agreement and Release dated July 9, 2021 (the "Agreement") between Steven M. Cox, individually and as representative of the Class defined below ("Cox"), and Porsche Financial Services, Inc. ("PFS") provides for the Settlement of this class action, subject to approval by this Court of its terms and to the entry of this Final Judgment. Pursuant to this Court's August 26, 2021 Amended Order Granting Preliminary Approval to Class Action Settlement and Directing Notice (the "Preliminary Approval Order"), [ECF No. 333], the Court scheduled a hearing to consider the approval of the Settlement set forth in the Agreement (the "Fairness Hearing").

PFS denies any wrongdoing, fault, violation of law, or liability for damages of any sort. PFS objected, and continues to object, to the Court's certification of the class and has agreed to the propriety of certification for settlement purposes only.

In accordance with the Agreement and Preliminary Approval Order, on the basis of declarations filed by the parties, the Court finds that notice of the proposed settlement has been sent by first class mail to members of the Class.

The Fairness Hearing was held before this Court on October 28, 2021, to consider, among other things, whether the Settlement should be approved by this Court as fair, reasonable and adequate and whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved. The Court having considered the record and the presentations submitted by the parties during the hearing,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. This Order incorporates by reference the definitions in the Agreement, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Agreement, unless otherwise defined herein.

2. The Court certifies the following class, pursuant to Fed. R. Civ. P. 23(b)(3), for the purposes of settlement (the "Class"): "Persons who entered into a single-payment vehicle lease with a Florida Porsche dealer through the standard form PFS Motor Vehicle Lease Agreement, which was assigned to PFS; and who, as part of the transaction, traded in a vehicle with a positive monetary value that was not credited as a Capitalized Cost Reduction. The Class only covers individuals whose leases either are outstanding or were terminated within four years before the filing of this action." The Court finds the Class is sufficiently numerous in that there are 75 Class Members; that the FDUTPA claims of Cox and Class Members present common issues of fact; that Cox's FDUTPA claim is typical of class members; that Cox is an adequate class representative; and that the requirements of Rule 23(b)(3) are established, for purposes of settlement. In certifying

this settlement Class, the Court adopts its prior findings of fact and law from its prior orders regarding the functionally identical "Overcharge Class." *See* [ECF Nos. 203, 216, & 320].

3. This Order approving the Settlement supersedes this Court's prior orders and related reports and recommendations granting class certification and denying PFS's motion for summary judgment. [ECF Nos. 190, 202, 203 & 216].

4. The notice provided for and given to the Class Members was in compliance with the Preliminary Approval Order and was in full compliance with the notice requirements of due process and of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

5. The Court approves the Settlement and all terms set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Class Members, and the Parties to the Agreement are directed to consummate and perform its terms.

6. In reaching the foregoing determination, the Court relies on the following findings. The Parties dispute the validity of the claims in this Action, as explained in the Agreement, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Agreement to be fair, reasonable, adequate and in the best interests of the Class Members. Beyond facing uncertainty regarding the resolution of many legal issues after trial, by continuing to litigate the Class Members would also face the challenge of an appeal of this Court's class certification orders, and any other rulings rendered before or during trial. The relief negotiated by the Parties includes a payment, without the necessity of filing a claim, that amounts to 100% of the damages that would have been claimed by Class Members at trial. The Settlement also includes payment of counsel fees and expenses, the latter of which includes expenses of settlement administration, without deduction from the Class Benefit. For these reasons, the Court finds that the Class Benefit

and the uncertainties of continued litigation in both the trial and appellate courts, as well as the significant expense and delay associated with it, weigh in favor of approval of the Settlement. The Court also finds that the Settlement was negotiated at arm's length after vigorous and protracted litigation over five years.

7. There is no record of any objections to the approval of the Settlement Agreement or Class Counsel's request for approval of an award of attorneys' fees and expenses. The Class Counsel's request for approval of attorneys' fees in the amount of $1,500,000 and reimbursement of litigation-related and settlement administration expenses in the amount of $100,000 is approved, to be paid in accordance with the Agreement.

8. The claims made in this action are dismissed with prejudice, and without costs to any party.

9. This Final Judgment and Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendants concerning (i) any fact, liability, fault, or wrongdoing; (ii) the appropriateness of any measure of alleged loss or damages; or (iii) the appropriateness of class certification outside the context of settlement.

10. Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction until the Settlement is consummated for the purpose of enforcing the Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

**DONE AND ORDERED** in Chambers at Miami, Florida this 31st day of October, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE